IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CITIZENS AGAINST THE BAR, JAMAR OSBORNE, AND MIKAL OSBORNE | § § § | |
| v. | § § | A-13-CV-528-LY |
| TRAVIS COUNTY, JULIA E. VAUGHAN, AND BUCK FILES | § § § | |

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint, and Notice of Defendants' Failure to Comply with Discovery (Dkt. No. 66) and Defendant Julia Vaughan's Response in Opposition to Motion for Leave to File Second Amended Complaint (Dkt. No. 69). Also before the Court are: Defendant Travis County's Motion to Dismiss for Failure to State a Claim (Dkt. No. 42), and Plaintiffs' Response (Dkt. No. 49); Defendant Julia E. Vaughan's Motion to Dismiss (Dkt. No. 44); and Defendant Buck Files' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. No. 45), Plaintiffs' Response (Dkt. No. 54), and Defendant's Reply (Dkt. No. 56).

The Court has reviewed each of these motions. Plaintiffs' Motion for Leave to File Second Amended Complaint is **DENIED**, as the proposed amendments would be futile. Each of the Defendants' motions to dismiss are **GRANTED**, for the reasons set forth below.

### I. BACKGROUND

This case is brought by three plaintiffs: Citizens Against the Bar ("CAB"), a Texas nonprofit corporation; Jamar Osborne, an unlicensed law graduate and executive director of CAB; and Mikal Osborne, Jamar's brother and co-director of CAB. Dkt. No. 40 at 2. Each is proceeding *pro se*; CAB through its directors, the Osborne brothers. The essence of Plaintiffs' complaint is that the

Texas Bar Exam is an unwarranted restriction on the practice of law, and that those restrictions have injured both the Osborne brothers individually, as well as a purported class of others allegedly represented by CAB.

Plaintiffs' complaint arises out of two interrelated stories. Jamar Osborne ("Jamar") sat for and failed the Texas Bar Exam in 2009. *Id.* at 4. In January, 2013, Jamar applied for a position as an attorney with Travis County. *Id.* at 12. Travis County declined to hire Jamar, as one of the requirements for the position was that the applicant be licensed to practice law in Texas. *Id.* Jamar then signed up to take the exam again in 2013, but due to what he describes as "a conflict," did not sit for the exam. *Id*. at 4. In 2012, Mikal Osborne ("Mikal"), needed legal counsel for a custody battle over his daughter. *Id*. at 5. He wanted to hire his brother Jamar. *Id.* Jamar declined to represent him—wisely—as it is illegal to give legal advice without a license to practice law. *Id*. Mikal instead hired an attorney "that he selected out of a phonebook." *Id*. at 6. He ended up incurring "thousands of dollars in legal fees," fees he argues he would not have incurred had the State Bar not prevented Jamar from representing him. *Id*.

Out of these two tales came a whole assortment of claims, including due process, freedom of association, antitrust, regulatory taking, professional malpractice, civil rights, equal protection, First Amendment, and improper taking of property claims. *See id.* Many of these were against the State of Texas itself, as well as the Texas Board of Law Examiners and the Supreme Court of Texas. Plaintiffs subsequently voluntarily dismissed their claims against those defendants, leaving Travis County, Julia E. Vaughan and Buck Files as the only remaining defendants. Dkt. No. 55. Each of these remaining defendants has filed a motion to dismiss Plaintiffs' complaint, and Plaintiffs have filed a motion to amend their complaint a second time.

## II. PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs seek to amend their complaint in order to substitute new plaintiffs for those they voluntarily dismissed, and to give greater factual detail to their claims. Dkt. No. 66 at 2. The Federal Rules state that "leave to amend should be freely given when justice so requires." FED. R. CIV. P. 15(a). However, "numerous courts have held that a proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." Charles A. Wright, Arthur Miller & Mary Kane, 6 FED. PRAC. & PROC. CIV. § 1487 at 699-700 (3d ed.) (citing, *inter alia, Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991)). The decision to grant leave in such circumstances is within the Court's discretion. *Avatar, supra.* at 320-321. Amendment would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). This standard is the same as applies under Rule 12(b)(6). *Id.*

Pro se complaints, such as this one, are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In their Second Amended Complaint, Plaintiffs have replaced the previously dismissed state entities with Rick Perry, Governor of Texas, and Nathan L. Hecht, Chief Justice of the Texas Supreme Court. Dkt. No. 66-1 at 3. Each is being sued in his official capacity, and Plaintiffs appear to name them in an attempt to reach their employers, namely the State of Texas (through Perry) and the Supreme Court of Texas (through Hecht).[1] *Id.* They also clarify that in suing Vaughan and Files in their official capacities they are intending to target *their* respective employers, the previously dismissed Texas Board of Law Examiners (through Vaughan), and the State Bar of Texas (through Files). *Id.* Plaintiffs' one new claim, captioned as a claim under 42 U.S.C. § 1983, alleges that the Supreme Court of Texas "has deprived Plaintiff of a meaningful opportunity to be heard regarding his application for admission to the State Bar of Texas." *Id.* at 29. The remaining claims are virtually identical to those in Plaintiffs' First Amended Complaint. Ultimately, this

---

[1] Indeed, Plaintiffs' complaint states: "Defendant Rick Perry is Governor of the State of Texas. Defendant is being sued in his official capacity (hereinafter 'State of Texas')." Dkt. No. 66-1 at 3. Plaintiffs attempt the same rhetorical switch regarding Hecht ("Defendant is being sued in his official capacity (hereinafter 'Supreme Court of Texas')"). *Id.*

amendment appears to be an attempt to reinstate the previously named defendants, as these claims appear to target the entities, rather than the individuals named. *See, e.g. id.* at 4.

Even construing the proposed Second Amended Complaint liberally, Plaintiffs have failed state any new claims upon which relief can be granted. Plaintiffs' claims against the State of Texas, Supreme Court of Texas, and Texas Board of Law Examiners are barred by sovereign immunity pursuant to the 11th Amendment. *See, e.g., Pennhurst State Sch. & Hosp. V. Halderman*, 465 U.S. 89, 100-01 (1984); *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997) (holding that units of state government are entitled to the same immunity as the state itself). Such immunity extends to claims brought under 42 U.S.C. § 1983; regardless, the state defendants are not "persons" capable of being sued under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63-71 (1989).

Plaintiffs' few claims brought against Perry and Hecht individually are also barred. While the Supreme Court recognized in *Ex parte Young* a limited exception to 11th Amendment immunity, the exception does not apply here. For the *Ex parte Young* exception to apply, the "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Emp't Sec.*, 976 F.2d 966, 968 (5th Cir.1992). The Supreme Court recently explained more succinctly that to decide if the 11th Amendment bar is inapplicable under the *Ex parte Young* doctrine, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632 (2011) (quoting *Verizon Md. Inc. v. Pub. Svc. Comm'n.*, 535 U.S. 635, 645 (2002) (internal citation and quotation marks omitted)).

This question thus puts a focus on the relief requested by a plaintiff. Five of the requests for relief in the proposed Second Amended Complaint name Perry or Hecht. They seek:

- "An injunction ordering Nathan L. Hecht in his official capacity to issue Jamar Osborne a license to practice law in the State of Texas;"

- "A preliminary injunction enjoining Nathan L. Hecht and Julia E. Vaughan in their official capacities, from applying the morals clause contained in Tex. Gov. Code § 82.004 against Jamar Osborne should he decide to reapply for a license to practice law during the pendency of this action;"

- "An injunction ordering Nathan L. Hecht and Julia E. Vaughan in their official capacities to grant Jamar Osborne an opportunity to be heard regarding Plaintiff's bar registration fees;"

- A "declaratory Judgment that the [*sic*] Rick Perry and Nathan L. Hecht in their official capacities placed an unreasonable and undue burden on Plaintiffs' right to assemble and petition the courts for redress of grievances by granting the Texas Bar Association a monopoly over the practice of law and by failing to enact adequate regulation of attorney's fees."

- "An injunction ordering Nathan L. Hecht in his official capacity to commission an independent survey to determine the minimum skills necessary for an attorney to practice law in the State of Texas; order Defendant to restructure the Texas Bar Exam to ensure a minimum of 70 percent content and criterion reliability."

Dkt. No. 66-1 at 31-33. While Plaintiffs are certainly seeking prospective relief, what is lacking is any allegation of an ongoing violation of Federal law by either Perry or Hecht. The closest they come is their allegation that Perry and Hecht "placed an unreasonable and undue burden on Plaintiffs' right to assemble and petition the courts." *Id*. at 32. Their dispute, though, is not with either Perry or Hecht (nor the State of Texas or the Texas Supreme Court), but rather is with the Texas Bar Association, whose regulation of the practice of law caused Plaintiffs' purported injuries. Plaintiffs have failed to state any claim against either Perry or Hecht that falls within an exception to 11th Amendment immunity. As such, their claims are barred.

As Plaintiff's have failed to state new claims upon which relief can be granted, it would be futile to permit them to amend their complaint. Accordingly, Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED**.

### III.  DEFENDANTS' MOTIONS TO DISMISS

The remaining defendants Julia E. Vaughan, Buck Files, and Travis County, have filed motions to dismiss under Rule 12(b)(6).[2] For the following reasons, each motion is **GRANTED**.

**A.    Defendant Julia E. Vaughan**

Plaintiffs' claims against Defendant Julia E. Vaughan are barred by the 11th Amendment. Plaintiffs have brought two claims against Vaughan, each in her official capacity.[3] Captioned as a "Constitutional Tort," the claim states:

> "Under color of state law, and with callous indiferrence to Jamar Osborne's rights, Defendant CEO of TBLE [Vaughan] has deliberately subjected Jamar Osborne to a deprivation of his constitutional right to freedom of thought. As a result of Defendant's violation of Plaintiffs' rights, Plaintiff has incurred damages including loss of employment opportunities, mental anguish and suffering and damage to his reputation and humiliation."
>
> Under color of state law, and with callous indifference to Jamar Osborne's rights, Defendant CEO of TBLE has deliberately subjected Jamar Osborne toa deprivation of his constitutional right to due process. As a result of Defendant's violation of Plaintiff's rights, Plaintiff has incurred damages."

Dkt. No. 40 at 22. Plaintiffs also request an order holding Vaughan " personally liable for all damages resulting from her constitutional torts as well as for punitive damages." *Id*. at 27.

---

[2]Plaintiffs voluntarily dismissed the State of Texas, Texas Board of Law Examiners, and the Supreme Court of Texas. *See* Dkt. No. 55. As such, any of plaintiffs' claims that should be directed towards these entities—including claims related to the validity of the State Bar Act and requests for relief related to its enforcement—are moot.

[3]Each claim is directed not at Vaughan but at "Defendant CEO of TBLE."

Construing these complaints liberally, they appear to be bringing a claim under 42 U.S.C. § 1983. As a state official sued in her official capacity, Vaughan is entitled to immunity from such suits under the 11th Amendment to the Constitution. As noted *supra*, there is a limited exception to 11th Amendment immunity. For the *Ex parte Young* exception to apply, the "suit must be brought against individual persons in their official capacities as agents of the state and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Saltz v. Tenn. Dep't of Emp't Sec.*, *supra*. at 968. Here, Plaintiffs request money damages from Vaughan. Such relief is barred. As such, Plaintiffs have failed to state a claim upon which relief may be granted, and Vaughan's motion is **GRANTED**.

**B.    Defendant Buck Files**

Plaintiffs also fail to state any claim upon which relief may be granted against Buck Files, former president of the State Bar of Texas. Plaintiffs claim that: "under color of state law, and with callous indifference to Plaintiff's rights, Defendant Buck [*sic*] has deliberately placed an undue burden on Mikal Osborne's right to assemble and petition the courts." Dkt. No. 40 at 22. In essence, Plantiffs allege that because Files inadequately regulated attorneys fees, Mikal Osborne was overcharged by his attorney, and thus Files violated Mikal Osborne's First Amendment right to assemble and petition the courts. *Id*. at 22. Osborne's right to petition the courts claim is plainly frivolous. Files' allegedly inadequate regulation of attorneys' fees did not burden Mikal Osborne's right to petition the courts. Indeed, he apparently litigated his custody dispute, and he has brought this suit. Moreover he could have, as he has here, brought his custody suit *pro se*.

Osborne's real complaint is that he could not hire his unlicenced brother to represent him. But professional licensing requirements do not implicate the First Amendment right to freedom of

8

assembly. The ability to hire an unlicensed professional does not constitute the sort of "expressive association" the First Amendment protects. *Cf. Dallas v. Stanglin*, 490 U.S. 19, 24 (1989) (defining "expressive association" as protected by the First Amendment); *see also, e.g., National Ass'n for the Advancement of Psychoanalysis v. California Bd. Of Psychology*, 228 F.3d 1043, 1050 and n.6 (9th Cir. 2000) (holding, in suit challenging state requirements for psychoanalyst licensing, that relationship between unlicensed psychoanalyst and clients did not implicate freedom of association under the First Amendment). Rather, states have a compelling interest in the regulation of professions, including the practice of law, and the Constitution does not prohibit such regulation. *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792 (1975); *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1262 (5th Cir. 1983) (the "right to counsel does not . . . entail absolute freedom of choice. Counsel must be a member of the bar and must be admitted to practice before the court in which he appears . . . . The choice is never completely unfettered."). Plaintiffs have failed to state legally cognizable claims against Files. Accordingly, Files' motion to dismiss is **GRANTED**.

**C.     Defendant Travis County**

Plaintiffs' claims against Travis County differ substantially from those asserted against the other defendants. They allege that Travis County employment policies violate Title VII of the Civil Rights Act of 1964. That Act makes it an unlawful "employment practice" for an employer

> to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(2). In order to make a *prima facie* disparate impact claim, a plaintiff must: "(1) identify the employment practice that has the allegedly disproportionate impact and (2) establish causation by offering statistical evidence to show that the practice in question has

resulted in prohibited discrimination." *Manley v. Invesco*, 555 F. App'x 344, 348 (5th Cir.) *cert. denied*, 135 S. Ct. 335 (2014) (internal quotations omitted). Here, Plaintiffs allege that Travis County requires that attorneys employed by the County pass the bar exam, and this policy has a disparate impact on African Americans. Plaintiffs note that a 2004 study showed that only 53 percent of African-American applicants passed the Texas Bar Exam on the first try, while 85 percent of white applicants passed. Dkt. No. 40 at 13.

Courts have on occasion interpreted Title VII to apply to exams employers use to make hiring or promotion decisions. *See, e.g. Griggs v. Duke Power Company*, 401 U.S. 424 (1971). In the typical case, an employer would require all applicants for a particular position to take an examination as part of their application process. *Id.* Employers then sort applicants based on their scores, sometimes refusing employment to anyone who scores below a particular threshold. *Id.* Travis County's requirement, though, is not that applicants pass the bar exam. Indeed, the bar exam is not administered by Travis County; it is administered by the Texas Board of Law Examiners. The County neither requests nor evaluates applicants' exam scores. It does not sort employees based upon their bar scores. The County only requests proof that an applicant is licensed to practice law in the State of Texas.[4]

It is clear to this Court that the bar exam itself is not an "employment practice" of Travis County. Moreover, Plaintiffs' sole piece of statistical evidence—a decade-old study regarding bar exam passage rates—provides no information regarding whether or not Travis County's practice of only hiring licensed attorneys to be attorneys has resulted in discrimination. Plaintiffs have failed

---

[4]As, indeed, it must: hiring a person to practice law who is not licensed to do so could lead to charges of practicing law without a license, a crime in Texas, being filed against the County. *See, In re Nolo Press/Folk Law, Inc.,* 991 S.W.2d 768, 772-773 (Tex. 1999).

to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and have therefore failed to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Travis County's motion is therefore **GRANTED**.

## IV.  CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Leave to File Second Amended Complaint is **DENIED**, as the proposed amendments would be futile.  Each of the Defendants' motions to dismiss are **GRANTED**.  As this order disposes of the case, all remaining motions in this action are hereby **DISMISSED AS MOOT**.

SIGNED this 22nd day of December, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE